IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEAN EDWARD PATTON,                §
                                   §
              Petitioner,          §
                                   §
V.                                 §        No. 3:13-cv-2333-M-BN
                                   §
WILLIAM STEPHENS, Director         §
Texas Department of Criminal Justice §
Correctional Institutions Division, §
                                   §
              Respondent.          §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Dean Edward Patton, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the application should be denied.

**Background**

In 2007, an indictment was returned against Petitioner, charging him with six separate counts of aggravated sexual assault of a child. Eventually, on February 5, 2009, Petitioner entered an open plea of guilty to a single count. He was found guilty and sentenced to thirty years' imprisonment. On February 11, 2011, the trial court's judgment was affirmed. *See Patton v. State*, No. 02-09-00156-CR, 2011 WL 476807 (Tex. App. – Fort Worth Feb. 10, 2011). A petition for discretionary review was subsequently refused. *See Patton v. State*, PD-0727-11.

Petitioner's state habeas application was denied on April 30, 2013. *See* Dkt. No. 9-16 at 67, adopting the State's Memorandum, Findings of Fact and Conclusions of

Law [Dkt. No. 9-15 at 87-95]. On May 22, 2013, the Texas Court of Criminal Appeals denied Petitioner's habeas application without written order based on the findings of the trial court. *See Ex parte Patton*, WR-79,475-02; *see also* Dkt. No. 9-15 at 2.

Petitioner's federal habeas petition was filed on June 20, 2013.

## Legal Standards

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state

court's decision." *Harrington v. Richter*, 526 U.S. 86, 131 S. Ct. 770, 785-86 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id.* at 786 (internal quotation marks omitted).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by [the Antiterrorism and Effective Death Penalty Act of 1996], § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no farther ." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for

fairminded disagreement." *Id.* at 786–87; *accord Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunctio[n] for which federal habeas relief is the remedy." (internal quotation marks and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies

not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 131 S. Ct. at 784 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning"). "The presumption is especially strong when the state habeas court and the trial court are one in the same," as they were in this case. *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (collecting cases); *see also Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) ("A trial court's credibility determinations made on the basis of conflicting evidence are entitled to a strong presumption of correctness and are 'virtually unreviewable' by the federal courts." (quoting *Moore v. Johnson*, 194 F.3d 586, 605 (5th Cir. 1999))).

## Analysis

Petitioner entered an open plea of guilty. On direct appeal, after Petitioner's counsel filed an *Anders* brief, the Fort Worth Court of Appeals "carefully reviewed [that] brief, [Petitioner's *pro se*] response, the State's brief, and the appellate record[, and] agree[d] that [the] appeal [was] wholly frivolous and without merit." *Patton*, 2011 WL 476807, at *1. Although that independent review by the state court of appeals was limited in scope, the Court of Appeals considered the voluntariness of Petitioner's open plea of guilty. *See id.* ("Because [Petitioner] entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of his plea, error that is not independent of and supports the judgment

of guilt, and error occurring after entry of the guilty plea." (citing *Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003))).

Petitioner did not directly challenge the voluntariness of his guilty plea in the state habeas proceedings, and he does not directly challenge it through his Section 2254 petition. Instead, Petitioner alleges, for multiple and somewhat overlapping reasons, that his trial counsel rendered constitutionally ineffective assistance. *See* Dkt. No. 3 at 6-10.

But claims of ineffective assistance of counsel are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *accord United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). This is so because

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Here, Petitioner alleges that his trial counsel rendered ineffective assistance of counsel for five reasons: (1) counsel failed to ensure Petitioner, who claims he is legally deaf, was provided "communications" – hearing aids or other interpretative assistance – at the "pre-trial, plea, and sentence phase[s]" [Ground One]; (2) counsel failed to conduct an adequate investigation and exercise a sound trial strategy [Ground Two];

(3) counsel improperly presented inadmissible evidence [Ground Two]; (4) counsel erroneously advised Petitioner to sign an open plea agreement without adequately investigating Petitioner's case [Ground Three]; and (5) counsel failed to present evidence of Petitioner's hearing disability to the trial court [Ground Three]. Dkt. No. 3 at 7-8, 10.

Because some of Petitioner's allegations arguably implicate the voluntariness of his open plea of guilty, the Court has reviewed the Section 2254 petition under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), as that test is (1) applied to guilty pleas through *Hill v. Lockhart*, 474 U.S. 52 (1985), and (2) applied where, as here, a state court has adjudicated ineffective-assistance claims on the merits.

Under *Strickland*, the petitioner must demonstrate that his attorney's performance fell below an objective standard of reasonableness. *See* 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that,

under the circumstances, the challenged action might be considered
sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at

689).

"A conscious and informed decision on trial tactics and strategy cannot be the

basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that

it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746,

752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent

counsel will be a flawless strategist or tactician, an attorney may not be faulted for a

reasonable miscalculation or lack of foresight or for failing to prepare for what appear

to be remote possibilities." *Harrington*, 131 S. Ct. at 791. "The Supreme Court has

admonished courts reviewing a state court's denial of habeas relief under AEDPA that

they are required not simply to give [the] attorney's the benefit of the doubt, ... but to

affirmatively entertain the range of possible reasons [petitioner's] counsel may have

had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012)

(internal quotation marks omitted).

To demonstrate prejudice, Petitioner "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question

is not whether a court can be certain counsel's performance had no effect on the

outcome or whether it is possible a reasonable doubt might have been established if

counsel acted differently." *Harrington*, 131 S. Ct. at 791. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 792 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 131 S. Ct. at 792.

*Strickland* applies in the context of a guilty plea. *See Hill*, 474 U.S. at 57-58. But, in that context, proving *Strickland*'s "'prejudice' requirement" turns "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. This means that, "in a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error" and, instead, "would have insisted upon going to trial." *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (citations omitted). Moreover, the failure to allege that, but for the claimed ineffectiveness, the petitioner would have not pleaded guilty, and instead would have insisted on going to trial, is, in most cases, fatal to such a claim. *See, e.g.*, *Davis v. United States*, 335 F. App'x 825, 827 (11th Cir. June 9, 2009) (per curiam) ("If the movant (1) failed to allege in his motion to vacate that, but for counsel's advice, he would not have pled as he did or (2) otherwise failed to show special circumstances indicating that counsel's advice affected his decision to plead, then his allegation of prejudice is insufficient to satisfy Strickland."); *Arnold v. Dretke*, No. 3:05-cv-1041-R, 2005 WL 2259720, at *3 (N.D. Tex. Sept. 14, 2005) )("Not only did

Arnold fail to show that his counsel's performance fell below objective standards of reasonableness, he also failed to even allege that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial.") (both citing *Hill*, 474 U.S. at 59).

Ineffective-assistance-of-counsel claims are considered mixed questions of law and fact and, therefore, are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated ineffective-assistance claims on the merits, *see* Dkt. Nos. 9-15 at 2, 87-95; 9-16 at 1, 67, this Court must review Petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Pinholster*, 131 S. Ct. at 1403, 1410. In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 131 S. Ct. at 785; *see also id.* at 788 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, the AEDPA does not permit a *de novo* review of state trial counsel's conduct in these claims under *Strickland*. *See id.* at 785-86. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state

court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 785.

*Counsel failed to provide Petitioner "communications" – hearing aids or other interpretative assistance – at the "pre-trial, plea, and sentence phase[s]" [Ground One]*

In his first ground, Petitioner contends that he was not afforded hearing aids "during the entire time in pre-trial and when the open-plea was signed" and argues that, because of this, his trial counsel was constitutionally ineffective and his open plea "is null and voided." Dkt. No. 3 at 7.

In the state habeas proceeding, Petitioner's trial counsel submitted a detailed affidavit [Dkt. No. 9-15 at 62-69] that addressed this claim – that Petitioner was unable to fully understand and/or communicate during his trial because of his hearing disability. *See id.* at 63-64. The state habeas court found counsel's affidavit "credible and supported by [the] Court's personal recollection and the record," *id.* at 92, ¶ 55, and made multiple factual findings undercutting this claim, *see id.* at 89-90, ¶¶ 14-28.

The state court found that, although Petitioner advised his counsel that he "had a hard time hearing people sometimes," Petitioner "admitted he could hear and understand [trial counsel] when [counsel] spoke to him." *Id.*, ¶¶ 14, 15. The state court found, moreover, that Petitioner never advised either his counsel or the court that he could not understand what was said during the plea colloquy, presentence investigation, or sentencing hearing. *See id.*, ¶¶ 17-19. Petitioner's claim now that he could not completely understand the previous state proceedings is further belied by the state court's findings that (1) Petitioner refused to use the hearing aids that his sister

brought to his sentencing; (2) once on the stand, Petitioner never asked that a question be repeated; (3) Petitioner told the presentence investigator that he only suffered from "partial hearing loss in both ears"; and (4) Petitioner's mother told the same investigator that Petitioner's hearing impairment only required that "all dialogue involving [Petitioner] occurs at a volume loud enough and vocabulary common enough for him to understand." *Id.*, ¶¶ 23-28. In ultimately recommending that this ground for relief be denied, *see id.* at 94, ¶ 29, the state habeas court concluded that Petitioner failed to demonstrate (1) that he required a deaf interpreter, at any stage of the proceedings, and (2) that trial counsel was ineffective because counsel did not request a deaf interpreter, *see id.* at 93, ¶¶ 7-9, 11.

Petitioner fails to rebut the state court's findings and further fails to show that the conclusions reached by that court amount "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence." *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013). At most, Petitioner merely urges that this Court undertake a *de novo* review of his trial counsel's conduct under *Strickland* – something that is prohibited where, like here, the ineffective-assistance claims were fully adjudicated in the state court. *See Harrington*, 131 S. Ct. at 785-86.

*Counsel failed to conduct an adequate investigation and exercise a reasonable trial strategy; and counsel improperly presented inadmissible evidence [Ground Two]*

In his second ground, Petitioner alleges that his trial counsel was ineffective for failing to notify the state court of Petitioner's mental and hearing disability and because of counsel's "lack of visitation to Petitioner, lack of investigation of directly

involved witnesses, and lack of filing disability motions." Dkt. No. 3 at 8.

Allegations that a lawyer should have taken further steps to investigate a case or should have prosecuted a case differently, such as by filing certain motions, prior to Petitioner's open plea of guilty do not implicate the voluntariness of his plea. Accordingly, the allegations are barred from habeas review. *See, e.g.*, *Reed v. Stephens*, No. 3:13-cv-1236-D, 2013 WL 5823883, at *5 (N.D. Tex. Oct. 30, 2013) (citing *Smith*, 711 F.2d at 682 (claims of ineffective assistance based on alleged failure to review evidence, failure to investigate witnesses or the legality of petitioner's arrest, and failure to find "holes" in prosecution case were non-jurisdictional and waived by valid guilty plea)); *see also, e.g.*, *Wisener v. Thaler*, No. 4:09-cv-359-Y, 2010 WL 546738, at *3 (N.D. Tex. Feb.17, 2010) ("[T]o the extent [Petitioner] complains that he is innocent of the charged offense ..., that there was insufficient evidence to support his conviction, and that trial counsel failed to conduct an independent investigation into the facts of his case, to file pretrial motions, and to interview key state witnesses on his behalf, matters unrelated to the voluntariness of his plea, the claims are nonjurisdictional and are waived by the plea." (citing *United States v. Broce*, 488 U.S. 563, 573-74 (1989)); *Speed v. United States*, 441 F.2d 1106, 1107 (5th Cir. 1971) (claim that petitioner was insane at the time of the offense is essentially a defense to the merits of the prosecution and is therefore waived by a valid guilty plea).

Moreover, as to these claims, the state habeas court issued multiple factual findings concerning pretrial investigation and trial strategy. *See* Dkt. No. 9-15 at 90-92. That court found trial counsel's "chosen defense [to be] the result of a reasonable

trial strategy." *Id.*, ¶ 34. The state habeas court further found that Petitioner did not suffer from a mental disability. *See id.*, ¶¶ 36, 37, 38. As to Petitioner's claimed lack of pretrial investigation, the state habeas court found that counsel was appointed an investigator, who interviewed Petitioner's family and who also attempted, but was not allowed, to interview the victim. *See id.*, ¶¶ 46-48. The court further found that Petitioner's family, who "all hard harmful things to say about [him,]" ... "would not be supportive at trial," *id.*, ¶¶ 48-50; that counsel "conferred with [Petitioner] seventeen times"; and that Petitioner and his trial counsel "exchanged letters ... on no fewer than seven occasions," *id.*, ¶¶ 40, 41.

Before ultimately recommending that this ground for relief be denied, *see id.* at 94, ¶ 30, the state habeas court concluded that Petitioner "failed to show that there is a reasonable probability that the outcome" of the state proceedings "would have been different had counsel" either conducted a more thorough investigation or presented different evidence – including evidence of Petitioner's disability, *id.*, ¶¶ 24-26.

Thus, to the extent that federal review of these claims is not barred, the undersigned notes that the state habeas court considered the merits of these ineffective-assistance claims. Petitioner again fails to rebut that court's factual findings and fails to show either that the state court's conclusions unreasonably applied *Strickland* or that any evidentiary determinations by the state court were unreasonable.

-14-

*Counsel erroneously advised Petitioner to sign an open plea agreement without adequately investigating Petitioner's case; and Counsel failed to present evidence of Petitioner's hearing disability to the trial court [Ground Three]*

As to his third ground, Petitioner alleges that his trial counsel was ineffective for both erroneously advising that he sign an open plea agreement before adequately investigating Petitioner's case and for failing to present evidence concerning Petitioner's hearing disability to the trial court. *See* Dkt. No. 3 at 10. Also included in this ground is another allegation that counsel failed to visit Petitioner. *See id.*

This ground overlaps considerably with the second ground, in that there too Petitioner claimed that his trial counsel failed to conduct an adequate investigation, failed to present evidence concerning his disabilities, and failed to visit him – all claims the state habeas court properly rejected, as explained above. As to the open-plea-specific claim, the state habeas court found that counsel "advised [Petitioner] on at least four occasions as to the procedure, consequences, and limitations of the open plea." Dkt. No. 9-15 at 90, ¶ 35; *see also id.* at 91, ¶ 45 (noting that, as a result of the open plea, "the State waived all but one count which allowed [Petitioner] to avoid cumulation of sentences").

To the extent that these allegations are not barred from federal habeas review – because they do not implicate the voluntariness of Petitioner's guilty plea – the allegations have been addressed on the merits – and rejected – by the state habeas court. *See* Dkt. No. 9-15 at 88, ¶¶ 28, 31. And Petitioner again fails to rebut that court's factual findings or show that the conclusions reached by that court amount "to an

unreasonable application of *Strickland* or an unreasonable determination of the evidence." *Garza*, 738 F.3d at 680.

## Recommendation

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 7, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE